PER CURIAM.
The complaint filed by The Florida Bar in this case against the respondent, Louis Schneiderman, included three counts arising out of separate grievance committee proceedings charging the respondent with neglecting legal matters entrusted to him. In each of the three instances the respondent, over a period of up to two years, failed to take any action in regard to his clients’ cases, misrepresented his activities in their behalf, failed to keep them informed on the status of their cases, refused to answer telephone calls and letters requesting information, refused to return the clients’ files so that they could proceed with another attorney, and failed to inform them of his whereabouts. In two of the cases, respondent was paid retainer fees which were never returned.
A final hearing was held on the complaint at which respondent, after due notice, failed to appear. He has failed to file any response or pleading or defense of any kind either with the grievance committee or with The Florida Bar. He has also not petitioned this Court for review of the hearing examiner’s findings and recommendations. It appears, from the record before this Court, that the respondent has in fact closed his Florida office and has, for a period of one and one-half years or more, resided in the State of New York.
The examiner recommended that the respondent be found guilty as charged in the complaint for violating Rule 11.02 of Article 11, Integration Rule of The Florida Bar, 32 F.S.A., and Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility, 32 F.S.A. The Florida Bar has joined in this recommendation, and this Court, after a careful review of the record, hereby adopts the findings and recommendation of the examiner.
The examiner also recommended that the respondent be disbarred from the practice of law in Florida. The Florida Bar, however, has petitioned this Court to discipline the respondent with only a six months’ suspension with the requirement that he prove his rehabilitation prior to any subsequent reinstatement. We do not feel that the charges justify a disbarment, but we are not inclined to treat this case as lightly as The Florida Bar recommends.
The respondent has exhibited as little regard for these disciplinary proceedings as he has for his clients’ interests. Particularly since the respondent does not now appear to be practicing law in Florida, we feel that a six months’ suspension will have little effect in impressing upon him his professional responsibilities. We feel that a longer suspension is necessary after which, if the respondent again desires to practice law in Florida, an appropriate showing of rehabilitation must be made.
Therefore, it is the judgment of this Court that the respondent be found guilty as charged in the complaint, that he be suspended from the practice of law in Florida for a period of three years with the requirement that he prove his rehabilitation before reinstatement, and that the costs of these proceedings in the amount of $253.50 be assessed against the respondent.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.